**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**CALIFORNIA EQUITY**
**MANAGEMENT GROUP, INC.**                                                **PLAINTIFF**

**v.**                                      **Case No. 3:13-cv-00227 KGB**

**INDEPENDENT BANK et al.**                                              **DEFENDANTS**

## ORDER

On September 19, 2013, plaintiff California Equity Management Group, Inc., ("CEMG")
filed this quiet-title action in the Circuit Court of Crittenden County, Arkansas (Dkt. No. 1, at 9).
On October 24, 2013, separate defendant Independent Bank removed the action to this Court
(Dkt. No. 1).  Before the Court is CEMG's motion for leave to amend complaint and motion to
remand (Dkt. No. 14), separate defendant Independent Bank's motion to terminate interpleader
and distribute funds and supplement thereto (Dkt. Nos. 12, 23), and separate defendants RJ
Investments, LLC, and Jim A. Curtis's motion for leave to file a supplemental answer (Dkt. No.
10).  RJ Investments, Mr. Curtis, and defendant Michael F. Rafferty also join in Independent
Bank's motion to terminate interpleader and supplement thereto (Dkt. Nos. 24, 26), and the
Court held a hearing on this motion (Dkt. No. 29).

For the following reasons, the Court grants in part and denies in part CEMG's motion for
leave to amend and motion to remand, denies Independent Bank's motion to terminate
interpleader and distribute funds, and grants RJ Investments and Mr. Curtis's motion for leave to
file a supplemental answer.  Within 10 days of the date of this Order, CEMG shall file its
amended complaint to the extent it survives this Order.  Within 14 days of the date that CEMG
files its amended complaint, RJ Investments and Mr. Curtis shall file their supplemental answer.

## I.      Factual Background

The following facts are taken from plaintiffs' amended complaint (Dkt. No. 14-1), unless otherwise cited, and accepted as true at the motion to dismiss stage.  The commercial property at issue is in West Memphis, Arkansas.  Because separate defendant RJ Investments failed to pay taxes due on the property, Crittenden County certified the property to the Arkansas Commissioner of State Lands, John Thurston.  The Commissioner sold the property to CEMG at a negotiated sale and issued to CEMG a limited warranty deed for the property.

Upon learning of the sale and issuance of the limited warranty deed, separate defendants Independent Bank, RJ Investments, and trustee Michael Rafferty separately requested that the Commissioner cancel the limited warranty deed pursuant to Arkansas Code Annotated § 26-37-204(b) and (d) (Dkt. No. 19, at 3).  Following separate defendants' requests but before the Commissioner made a decision, CEMG filed this action in the Crittenden County Circuit Court.

On September 30, 2013, the Commissioner determined that the limited warranty deed should be canceled pursuant to Arkansas Code Annotated § 26-37-204(d) because "proper notice was not provided to Independent Bank or the Trustee of the loan, as interested parties, of the above referenced tax delinquent real property prior to the sale of the property for delinquent taxes" (*Id.* at 3).  The Commissioner issued a deed of cancellation on November 5, 2013.  Upon receipt of payment of taxes, interest penalties, and costs, the Commissioner issued a redemption deed to RJ Investments on November 6, 2013 (*Id.*).

Interpleaders Coast to Coast Medical, LLC, and F&H Ventures, LLC (collectively, the "interpleaders"), are tenants on the property in question pursuant to respective lease agreements with RJ Investments.  Due to the uncertainty surrounding the ownership of the property, the interpleaders filed a motion to intervene and motion to interplead their respective lease payments

until the Court determines ownership of the property.  The interpleaded funds are being held in this Court's registry.

**II.     Motion For Leave To Amend Complaint And To Remand**

CEMG seeks leave to amend its complaint to add the Commissioner as a named defendant, to assert additional claims against the Commissioner, to clarify factual allegations, and to correct the legal description of the real property at issue (Dkt. No. 14).  Pursuant to Local Rule 5.5(e), CEMG has attached a copy of the amended pleading to its motion (Dkt. No. 14-1).

Courts should freely give leave to amend a pleading when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Under the liberal amendment policy of Federal Rule of Civil Procedure 15, "a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."  *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).  A denial of a motion for leave to amend based on futility means that the amended complaint could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).   "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

Because CEMG argues that the amendment adding the Commissioner would destroy diversity, the Court must also keep in mind the standard set forth by the Eighth Circuit in *Ryan v. Schneider National Carriers, Inc.*:

> In deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with the plaintiff's competing interest in avoiding parallel federal and state litigation.  Courts consider whether the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has delayed in requesting amendment, whether the plaintiff will be significantly injured if amendment is refused, and any other factors bearing on the equities.

263 F.3d 816, 819 (8th Cir. 2001).  Such considerations apply even if CEMG states a facially plausible claim against the Commissioner.

The Court determines that CEMG's amended complaint does not state a facially plausible claim that the Commissioner violated Arkansas law.  To begin, CEMG contends that the Court cannot at this stage determine whether the Commissioner violated Arkansas law because "[t]he question before the Court now is whether it has jurisdiction to decide who is correct" (Dkt. No. 22, at 4).  But as stated above, before the Court can rule on the motion to amend, it must determine whether the amendment would be futile, which requires a determination on whether CEMG states a facially plausible claim against the Commissioner.  To determine whether CEMG states a facially plausible claim, the Court must interpret Arkansas law.  *See Ashcroft*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

4

Arkansas law provides at least two avenues to settle ownership and title to property sold at a tax sale.   First, those with prior interests, like defendants, may seek relief from the Commissioner by asking him to set aside a sale.   *See* Ark. Code Ann. § 26-37-203.   If the Commissioner, for example, determines that the interested parties did not receive the required notice of sale and right to redeem, the Commissioner shall "[s]et aside the sale" or "[n]otify the owner and interested parties of the reasons why the Commissioner . . . does not believe the sale should be set aside."   *Id.* § 26-37-204(d).   Second, purchasers at a tax sale, like CEMG, may bring suit to quiet title.   *Id.* § 26-38-201.   A limited warranty deed establishes a *prima facie* title in the purchaser.   *Id.* § 26-38-202(d)(2).   If a defendant proves superior claim to the property, however, a court must order the Commissioner to issue a redemption deed to that defendant.   *Id.* § 26-38-204(c).   Otherwise, a court may simply confirm the forfeiture and conveyance to the benefit of the purchaser.   *See id.* § 26-38-205.

First, CEMG argues that, because a limited warranty deed establishes a *prima facie* entitlement to the property and shifts the burden to those claiming an interest to establish superior title, the Commissioner could not have acted pursuant to the first avenue to set aside CEMG's deed before completion of this quiet-title action.   In other words, CEMG challenges the Commissioner's ability to set aside its limited warranty deed.   Defendants respond that CEMG cites no authority to argue that its filing of a quiet-title action forbade the Commissioner from acting, that Arkansas law requires statutes to be read in a harmonious manner, and that neither statutory scheme explicitly states it is mutually exclusive to the other.   Defendants also make the point that they were first in time.   They sought relief from the Commissioner before CEMG filed its quiet-title action; only the Commissioner's determination of the notice issue came after the state court action was filed.

The Arkansas Supreme Court has stated that:

[t]he first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.  If statutes relate to the same general subject matter, each one must be read in a manner harmonious with the other, if possible.  All acts passed upon the same subject . . . must be construed together and made to stand if capable of being reconciled.

*Bolden v. Watt*, 719 S.W.2d 428, 429 (Ark. 1986) (citations omitted).  The statutory schemes at issue here, when read together and given their plain meaning, allow the Commissioner to set aside a sale regardless of whether the purchaser has brought a quiet-title suit.  Arkansas Code Annotated § 26-37-204(d) provides that the Commissioner shall set aside the sale upon a lack-of-notice determination or notify the owner and interested parties of the reasons why the Commissioner does not believe that the sale should be set aside.  The fact that a limited warranty deed establishes *prima facie* title for a purchaser pursuant to Arkansas Code Annotated § 26-38-202(d)(2) does not negate this.  A showing of *prima facie* title simply satisfies plaintiff's burden to show title and shifts the burden to defendants to show title in themselves.  *See Allen v. Phillips*, 112 S.W. 403, 404 (Ark. 1908) ("The deed of the Commissioner . . . upon which appellant relied was prima facie evidence of title in him.  But it was no more than this."); *see also Winn v. Whitehouse*, 131 S.W. 70, 71 (Ark. 1910); *Cook v. Ziff Colored Masonic Lodge, No. 119*, 96 S.W. 618, 619 (Ark. 1906).  The statutes do not suggest otherwise.

Next, CEMG argues that the Commissioner is a necessary and appropriate party to this quiet-title action because he is a predecessor in title to the property by way of certification and forfeiture.  However, previous actions to quiet title by tax-sale purchasers who held limited warranty deeds from the Commissioner have not named the Commissioner as a party.  *See, e.g.*, *Pulaski Choice, LLC v. 2735 Villa Creek, LP*, 376 S.W.3d 500 (Ark. Ct. App. 2010); *Linn Farms & Timber Ltd. P'ship v. Union Pac. R.R. Co.*, 661 F.3d 354 (8th Cir. 2011).  Based on this, the

Court determines that the Commissioner is not a predecessor in title under Arkansas law. Moreover, even if the Commissioner was a predecessor in title, amendment based on this argument would not be appropriate under the *Ryan* considerations.   *See* 263 F.3d 816, 819. CEMG will not be injured absent the amendment, as the Commissioner does not claim a right to title; with that, the purpose of the amendment appears to be to defeat federal jurisdiction.   *Id.*

Lastly, CEMG argues that the Commissioner must be added as a party pursuant to Arkansas Code Annotated § 26-38-204(c).   Section 26-38-204(c) provides that a court will order the Commissioner to issue a redemption deed to a defendant who establishes a superior claim. CEMG argues that the Commissioner must be added as a party because, under Federal and Arkansas Rules of Civil Procedure 65(d)(2), an injunction or restraining order only binds the parties, the parties' officers, agents, servants, employees, and attorneys.   Here, however, the Commissioner has already issued a redemption deed to separate defendant RJ Investments.   If the Court rules for defendants, a new redemption deed will not be necessary.   Moreover, if the Court rules for CEMG, only an order confirming the forfeiture and conveyance is necessary.   *See* Ark. Code Ann. § 26-38-205.   This is because a circuit court's decree of confirmation operates as a "complete bar at law and in equity of a claim or defense . . . to the title of the real property" and "to vest the complete and indefeasible title to the real property in plaintiff . . . free and clear of all claims regardless of whether the forfeiture or conveyance is void or voidable because of a defect or irregularity in the proceedings to forfeit and convey the real property."   *Id.* § 26-38-206.

For the reasons above, the Court denies CEMG's motion for leave to amend complaint to add the Commissioner as a named defendant.   Defendants do not object to CEMG amending its original complaint to clarify factual allegations and to correct the legal description of the real property at issue.   The Court grants CEMG's motion for leave to amend complaint to clarify

factual allegations and to correct the legal description of the real property at issue.  CEMG shall file its amended complaint consistent with and within 10 days of this Order.  Because the Court denies CEMG's motion for leave to amend to add the Commissioner as a named defendant, the Court also denies CEMG's motion to remand, as complete diversity is not destroyed.

### III.    Motion To Terminate Interpleader And Distribute Funds

In light of the Commissioner's cancellation of CEMG's limited warranty deed and issuance of a redemption deed to RJ Investments, separate defendant Independent Bank moves the Court to allow the interpleaders to remit future rental payments according to the lease agreements and to release the funds being held in the Court's registry to RJ Investments.  In support, Independent Bank cites *Luster v. Arnold*, 458 S.W.2d 414, 417 (Ark. 1970), and *Browning v. Hicks*, 420 S.W.2d 545, 547 (Ark. 1967), two cases that held that a "void tax deed" conveys no interest or title in the subject property.  Separate defendants RJ Investments, Mr. Curtis, and Mr. Rafferty join in Independent Bank's motion to terminate interpleader and supplement thereto.

CEMG responds that whether its limited warranty deed is valid has not yet been determined and that the decisions in *Luster* and *Browning* followed adjudications on the merits that had found the tax deeds invalid.  The Court agrees, irrespective of its above determination that CEMG failed to state a facially plausible claim against the Commissioner.  CEMG has not had the opportunity to respond fully to a properly labeled dispositive motion.  The Court denies Independent Bank's motion to terminate interpleader and distribute funds (Dkt. No. 12).

The Court credits the moving defendants' concerns that the funds being held in the Court's registry are needed to maintain properly the property and that requiring tenants to remit monthly rental payments to the Court's registry creates an unnecessary "cloud" on the property's

rentable space that has prevented them from finding new tenants.  CEMG agrees with the moving defendants' maintenance concern and consents to a certain amount of funds being remitted from the Court's registry for maintenance and upkeep, including repairs to the parking lot, regular annual and quarterly maintenance obligations, insurance premiums, and real estate taxes due (Dkt. No. 27, at 2).  However, the moving defendants have not stated an amount that would be sufficient to maintain the property.  CEMG also agrees to allow any new or future tenants to remit monthly payments directly to RJ Investments, which would then be responsible for remitting those rental payments to the Court's registry (*Id.*).

Given the moving defendants' concerns and CEMG's stated willingness to accommodate those concerns, the parties are ordered to meet and confer regarding an amount sufficient to maintain the property if distributed from the Court's registry.  The parties shall file a status report within 14 days of the date of this Order.  If the parties cannot agree on an amount, then the Court will set a schedule for the parties to submit briefs on the issue.  Further, any new or future tenants shall remit monthly payments directly to RJ Investments, which shall then remit those rental payments to the Court's registry.

### IV.    Motion To File A Supplemental Answer

Separate defendants RJ Investments and Mr. Curtis move for leave to file a supplemental answer (Dkt. No. 10).  Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  For good cause shown, the Court grants RJ Investments and Mr. Curtis's motion for leave to file a supplemental answer.  RJ Investments and Mr. Curtis shall file their supplemental answer within 14 days of the date that CEMG files its amended complaint.

* * *

For the reasons above, the Court grants in part and denies in part CEMG's motion for leave to amend and motion to remand (Dkt. No. 14).   The Court denies CEMG's motion for leave to amend complaint to add the Commissioner as a named defendant and motion to remand. The Court grants CEMG's motion for leave to amend complaint to clarify factual allegations and to correct the legal description of the real property at issue.   CEMG shall file its amended complaint consistent with and within 10 days of this Order.

The Court denies Independent Bank's motion to terminate interpleader and distribute funds (Dkt. No. 12).   The parties are ordered to meet and confer regarding an amount sufficient to maintain the property if distributed from the Court's registry.   The parties shall file a status report within 14 days of the date of this Order.   If the parties cannot agree on an amount, then the Court will set a schedule for the parties to submit briefs on the issue.   Further, any new or future tenants shall remit monthly payments directly to RJ Investments, which shall then remit those rental payments to the Court's registry.

The Court grants RJ Investments and Mr. Curtis's motion for leave to file a supplemental answer (Dkt. No. 10).   RJ Investments and Mr. Curtis shall file their supplemental answer within 14 days of the date that CEMG files its amended complaint.

IT IS SO ORDERED this 20th day of June, 2014.


KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE