IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CALIFORNIA EQUITY
MANAGEMENT GROUP, INC.                                                                    PLAINTIFF

v.                          Case No. 3:13-cv-00227 KGB

INDEPENDENT BANK et al.                                                                   DEFENDANTS

### ORDER

Before the Court is separate defendant Independent Bank's unripe motion for summary judgment and unripe supplemental motion for summary judgment (Dkt. Nos. 39, 53), and plaintiff California Equity Management Group, Inc.'s ("CEMG") motion to stay summary judgment pursuant to Federal Rule of Civil Procedure 56(d) (Dkt. No. 48).  For the following reasons, the Court denies CEMG's motion to stay summary judgment.  Independent Bank's summary judgment motions remain under advisement.  CEMG is directed to respond to Independent Bank's summary judgment motions within 14 days of the date of this Order.

**I.      Factual Background**

The commercial property at issue is in West Memphis, Arkansas.  Because separate defendant RJ Investments failed to pay taxes due on the property, Crittenden County certified the property to the Arkansas Commissioner of State Lands.  Following a public sale at which the property was not sold, the Commissioner sold the property to CEMG at a negotiated sale and issued to CEMG a limited warranty deed for the property.  Arkansas Code Annotated § 26-37-204(d) provides that, if the Commissioner determines that the interested parties did not receive the required notice of sale and right to redeem, the Commissioner shall "[s]et aside the sale" or "[n]otify the owner and interested parties of the reasons why the Commissioner . . . does not believe the sale should be set aside."  On September 30, 2013, the Commissioner determined that

the limited warranty deed should be canceled pursuant to Section 26-37-204(d) because "proper notice was not provided to Independent Bank or the Trustee of the loan, as interested parties, of the above referenced tax delinquent real property prior to the sale of the property for delinquent taxes" (Dkt. No. 52, at 2).

## II.      Legal Standard

Federal Rule of Civil Procedure 56(d) "allows a party defending against a summary judgment motion to request a court to postpone a decision until completion of adequate discovery." *Temporomandibular Joint Implant Recipients v. Dow Chem. Co.* (In re *Temporomandibular Joint (TMJ) Implant Products Liability Litigation*), 113 F.3d 1484, 1490 (8th Cir. 1997). To invoke the protections of Rule 56(d), the party opposing the motion for summary judgment must make some showing that its opposition is meritorious. *U.S. through Small Bus. Admin. v. C.E. Light*, 766 F.2d 394, 397-98 (8th Cir. 1985). The party seeking additional discovery also must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from the further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (citations omitted). Rule 56(d) "does not condone a fishing expedition." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). However, other circuits have held that Rule 56(d)'s threshold is "necessarily low," *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 809 (Fed. Cir. 1999) (citing *Resolution Trust v. N. Bridges Assocs., Inc.*, 22 F.3d 1198, 1207 (1st Cir. 1994)), and "generally favored, and should be liberally granted," *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999).

### III. Analysis

CEMG argues that it should be given an opportunity to discover facts regarding (1) whether Independent Bank received actual notice, because under Arkansas law actual notice satisfies the statutory requirements, and (2) whether separate defendant Michael Rafferty, as trustee of the loan, was an interested party, as defined by Arkansas Code Annotated § 26-37-301(c), such that notice to Mr. Rafferty was required. Because CEMG has not made a showing that its opposition is meritorious, the Court denies CEMG's motion to stay summary judgment.

First, the Court disagrees that under Arkansas law actual notice satisfies the statutory requirements. CEMG cites *Citifinancial Mortgage Company v. Matthews*, 271 S.W.3d 501 (Ark. 2008), for the proposition that under Arkansas law actual notice satisfies the statutory requirements. In that case, the real property at issue, owned by the Matthews, was certified to the Commissioner for failure to pay taxes in 1998 and 1999. *Id.* at 503. The Matthews had a mortgage on the property through Citifinancial. *Id.* On October 11, 2001, the Commissioner notified the Matthews of the delinquent status of the property and that it would be subject to a public sale scheduled for October 15, 2003. *Id.* The notice of public sale also was published in the local newspaper and listed the mortgagor as a lienholder on the property, but the Commissioner did not send notice to Citifinancial. *Id.* At the public auction on October 15, 2003, no bids were made, and the property was not sold, which made the property available for a privately negotiated sale through the Commissioner's office. *Id.* On February 1, 2004, the McClains made an offer to purchase the property. *Id.* Prior to the sale to the McClains, the Commissioner sent notice of the sale to the Matthews and Citifinancial. *Id.* at 503-04. The taxes were not paid to redeem the property, and thus the Commissioner issued a deed conveying the property to the McClains on May 27, 2004. *Id.* at 504.

Citifinancial filed suit, arguing that "the failure of the Commissioner to provide it notice by certified mail of the public tax sale that was scheduled for October 15, 2003, was a violation of Ark. Code Ann. § 26-37-301 (Repl. 1997 & Supp. 2007) and rendered the subsequent privately negotiated sale invalid." *Id.* "[B]ecause notice before a tax sale is a requirement that calls for strict compliance," Citifinancial contended, "it should have received the same notice of the first sale that was afforded to the property owners." *Id.* The Arkansas Supreme Court rejected these arguments, finding that "the statutes on the sale or forfeiture of real property do not make the sale a two-step process requiring two separate notices" and that "Citifinancial does not argue that the Commissioner failed to send it proper notice of that sale." *Id.* at 506. The court found that holding otherwise would yield an absurd result that was not the intent of the General Assembly:

> Were we to hold the sale of the property to the McClains void in this case, we would hold that Citifinancial had a right to receive notice of a previously scheduled sale that did not occur, although it had received actual notice of the very sale held void and chose not to take any action after receiving that notice.

*Id.* at 506-07. In other words, the *Citifinancial* court held that the Commissioner's failure to make the proper notice was excusable only because the failure to provide proper notice occurred for a sale other than the one that conveyed the property.

*Citifinancial* is not analogous to the facts here and thus does not support the proposition that the notice received by Independent Bank satisfies the statutory requirements. CEMG claims that Independent Bank received actual notice of the July 5, 2013, negotiated sale because it received a January 23, 2012, notice of delinquent status and public sale to occur on April 12, 2012, at which the property was not sold. CEMG does not claim that Independent Bank received a second notice regarding the July 5, 2013, negotiated sale, at which the property was sold, and the Commissioner admitted that he did not give proper notice to Independent Bank prior to the

sale that conveyed the property to CEMG. Conversely, in *Citifinancial*, unlike here, all parties agreed that the Commissioner sent proper notice regarding the sale that conveyed the property. *Id.* at 506.

Moreover, after the 2004 negotiated sale in *Citifinancial*, the Arkansas Legislature revised the relevant statutory provisions through Arkansas Code Annotated § 26-37-202(e). Section 26-37-202(e) implemented a two-step service requirement by keeping the requirement found in § 26-37-301—namely, that the Commissioner provide notice to owners and interested parties of their right to redeem tax delinquent lands at some point after the land was certified to the Commissioner—and adding a post-sale notice requirement. Specifically, Arkansas Code Annotated § 26-37-202(e)(1) requires that, "[a]fter a sale of the land by the Commissioner of State Lands, including a negotiated sale, the Commissioner of State Lands shall notify the owner and all interested parties of the right to redeem the land within ten (10) days . . . after the date of the sale paying all taxes, penalties, interest, and costs due, including the cost of the notice." Because it did not exist at the time, the *Citifinancial* court did not discuss this post-sale notice requirement or whether prior notice of a sale satisfied it. Although here the Commissioner attempted to send the required post-sale notice, he did so to the wrong address. To the extent that CEMG argues that Independent Bank may have received the wrongly-addressed notice anyway, they have not pointed to existing facts showing this. Even if such facts existed, it would not change the fact that the Commissioner acted within his discretion to find that the post-sale notice provided to Independent Bank was not proper. Neither does *Citifinancial*. CEMG points to no other authority suggesting that actual knowledge of a sale may override the Commissioner's determination that notice of the sale was not proper.

Second, the Court determines that whether Mr. Rafferty was an interested party is a question of law. Under Arkansas Code Annotated § 26-37-301(c), which is incorporated by § 26-37-202(f), "interested party" means "any person, firm, corporation, or partnership holding title to or an interest in the tax-delinquent land by virtue of a bona fide recorded instrument at the time of certification to the Commissioner of State Lands." Although Arkansas courts have not decided whether a trustee under a deed of trust is an interested party under § 26-37-301(c), "[u]nder a deed of trust in Arkansas, title is conveyed to the trustee." *Mortg. Elec. Registration Sys., Inc. v. Sw. Homes of Ark.*, 301 S.W.3d 1, 6 (2009). Accordingly, the Court determines that, as a matter of law, a trustee under a deed of trust, such as Mr. Rafferty, is an interested party within the meaning of § 26-37-301(c). Further, because the statutory scheme at issue here defines "interested parties," analyses regarding whether trustees are interested parties for Federal Rule of Civil Procedure 19(a) purposes is irrelevant. Despite being an interested party, Mr. Rafferty swears in an affidavit that he "did not receive notice of the negotiated sale to [CEMG] prior to the [Commissioner's] issuance of the [limited warranty deed] . . . to CEMG on August 8, 2013" (Dkt. No. 52, at 13). Again, CEMG points to no authority suggesting that Mr. Rafferty's subjective knowledge of the tax forfeiture sale matters under the statutory scheme.

For these reasons, the Court determines that CEMG has not made a showing that its opposition is meritorious.

**IV.   Conclusion**

The Court denies CEMG's motion to stay summary judgment (Dkt. No. 48). CEMG is directed to respond to Independent Bank's motions for summary judgment within 14 days of the date of this Order.

Also, at the request of the parties, the Court previously entered an order directing the Clerk of the Court to remit payment in the amount of $9,037.59 on October 1, 2014, directly to the Crittenden County Tax Collector, Ellen Foote (Dkt. No. 46). The Clerk made that payment, but the Crittenden County Tax Collector returned it, apparently because separate defendant RJ Investments LLC had already made the payment. The parties are directed to submit status reports regarding the status of these funds within 10 days of the date of this Order.

IT IS SO ORDERED this 31st day of March, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE